UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KAVON HEYWARD-JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV419-092 |
| ) | |
| OFFICER REID, *et.al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Kevon Heyward-Jones, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 Complaint against Officer Reid, of the Chatham County Sheriff's Office, Sheriff John Wilcher, and the Chatham County Sheriff's Office. Doc. 1. The Court granted plaintiff's Motion for Leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4–6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## BACKGROUND

In February 2019, defendant Officer Reid entered plaintiff's cell at the Chatham County Jail while plaintiff was undressed. Doc. 1 at 5. Officer Reid "squeezed [plaintiff's] backside in a sexual manner." *Id.* Plaintiff objected to the touching and was pushed to the ground, injuring his back and left elbow. *Id.* Officer Reid then made "threatening remarks" as he exited the cell. *Id.* Plaintiff reported the incident through the Prison Rape Elimination Act (PREA) process and to jail officials more senior than Officer Reid. *Id.* Five days after the incident, Officer Reid was again working in the same area of the jail as plaintiff.[2] *Id.* at 5–6. Plaintiff alleges that he has been traumatized by the situation, showers in his underwear and refuses to eat food provided by the jail. *Id.* at 6. Liberally construing plaintiff's complaint, he brings claims for violations

---

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] Plaintiff alleges that Officer Reid was not supposed to have contact with him following the incident. Doc. 1 at 5–6. It is not clear from the Complaint why or by whom this restriction was imposed.

of the Eighth Amendment against Officer Reid and failure to protect against Sheriff John Wilcher and the Chatham County Sheriff's Office.

## ANALYSIS

### I.  Officer Reid

Sexual abuse of an inmate by corrections officials can be cognizable under § 1983 as a violation of the Eighth Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also Boddie v. Schnieder*, 105 F.3d 857, 860–61 (2d Cir. 1997). ("[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society."). This requires both an objective element—"that the injury be objectively, sufficiently serious"—and a subjective element—that "the prison official have a sufficiently culpable state of mind." *Boxer X*, 437 F.3d at 1111 (internal quotations and citations omitted). Though the subjective element—a culpable state of mind—can be inferred from the alleged sexual conduct, plaintiff has failed to adequately allege an "objectively, sufficiently serious" injury. *See Allen v. McDonough*, 2011 WL 4102525 *5 (N.D. Fla. Aug. 17, 2011) ("The culpable state of mind of the corrections officer, the second component, may be inferred from the

act of sexual abuse . . . ."). An "objectively, sufficiently serious" injury must be more than *de minimis*. *Boxer X*, 437 F.3d at 1111 (a female corrections officer's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury); *see also Brown v. Smith*, 2006 WL 1890192 *5 (M.D. Ga. July 10, 2006) (repeated touching of an inmate's genitals and forced sexual intercourse with corrections officers was deemed objectively, sufficiently serious).

The objectively, sufficiently serious standard typically requires more than an isolated incident of non-severe sexual harassment. *See Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (allegations of momentary pain, "psychological injury," embarrassment, humiliation, and fear due to an officer's inappropriate touching were *de minimis* injuries); *Mathager v. Coleman*, 2012 WL 2872644 *3 (S.D. Ga. June 15, 2012) (recommending dismissal of a sexual abuse claim resulting from a corrections official's single request for a sexual act, which was refused by the plaintiff); *Boddie*, 105 F.3d at 861 ("isolated episodes of harassment and touching . . . do not involve a harm of federal constitutional proportions"). Plaintiff has alleged only a single incident of unwanted

touching and threatening language. Doc. 1 at 5. Though he has alleged that the incident has left him afraid, he has not suggested a continuing threat of a similar assault. Doc. 1 at 6. As such, the claim of sexual assault does not rise to the level of a Constitutional violation cognizable under § 1983 and should be DISMISSED.

Liberally construed, plaintiff's Complaint also alleges an excessive use of force claim against Officer Reid. In a custodial setting, the use of force is legitimate when applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Skritch v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). Not every malevolent touch by a corrections officer offends the Eighth Amendment, however, "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably

perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999).

Officer Reid pushed plaintiff to the ground, causing unspecified injuries to his back and left elbow. Doc. 1 at 5. Typically, a push or shove that does not result in a discernable injury does not rise to the level of a Constitutional violation. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). The Complaint is vague as to the extent of the injury suffered, but even the allegation of no more than a *de minimis* injury does not preclude an excessive force claim, as the focus of the Court's consideration is not on the extent of the injury, but, rather, the nature of the force applied. *Id.* at 39 (noting that the degree of injury is relevant to the extent that it can inform the Court's understanding of if the force was applied maliciously and sadistically to cause harm or in a nontrival way). A *de minimis* use of force can qualify as excessive if it is "a sort repugnant to the conscience of mankind." *Hudson*, at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotations omitted)); *see, e.g., Stallworth v. Tyson*, 578 F. App'x 948, 954

(11th Cir. 2014) (spraying a prisoner through the feeding flap on a cell door in retaliation for filing a grievance could be repugnant to the conscience of mankind.)

Taking the facts alleged in the Complaint as true, the Court cannot see any good-faith need for the force that was applied. Though plaintiff does concede that he pushed Officer Reid's hand from his body, he was acting in response to an allegedly unlawful and threatening act. Doc. 1 at 5. Furthermore, there is no indication that this resistance presented a threat to Officer Reid's safety or could have been perceived as such. Though it is not possible to discern from the Complaint whether the injuries suffered were more than *de minimis*, the use of force in furtherance of a sexual assault or to subsequently intimidate the victim is of the "sort repugnant to the conscience of mankind." More so when the force has no apparent penological purpose. *See Hope v. Pelzer*, 536 U.S. 730, 737 (2002) ("[a]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." (internal quotations and citations omitted)). Therefore, the claim of excessive force survives the Court's screening.

## II. Sheriff John Wilcher

Even liberally construed, plaintiff's failure to protect claim against Sheriff Wilcher fails. Section 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (defendant's position as Secretary of the Florida Department of Corrections was not alone sufficient to establish a causal connection to plaintiff's sexual assault). Plaintiff's Complaint suggests, at most, that Sheriff Wilcher was negligent in allowing the alleged sexual assault to occur and subsequently allowing Officer Reid to work near the Plaintiff. Doc. 1 at 5. This alone is not sufficient as theories of *respondeat superior* and vicarious liability cannot carry § 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally

participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.").

Government officials, acting in their official capacity can, however, be held liable under § 1983 if they have adopted a policy or custom that directs the unconstitutional deprivation of rights. *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999). Plaintiff has not alleged that Sheriff Wilcher was directly responsible for the assignment of jail staff, or even aware of the alleged incident, and he has not alleged that there was a policy or custom that facilitated the sexual touching of which he complains. The claim of failure to protect against Sherriff Wilcher should, therefore, be **DISMISSED**.

### III. Chatham County Sheriff's Office

The Chatham County Sheriff's Office has no independent legal existence and is not subject to suit under § 1983. *Logue v. Chatham Cty. Det. Ctr.*, 2008 WL 895717 at * 2 (S.D. Ga. Apr. 2, 2008); *see Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments are not usually subject to suit or liability under § 1983, but deferring to state law as determinative of capacity to sue and be

sued); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the [c]ity government fulfills its policing instructions."). As a result, any claims against it should be **DISMISSED**.

## CONCLUSION

Accordingly, Kevon Heyward-Jones' claim for excessive force in violation of the Eighth Amendment survives the review of this Court and is **AUTHORIZED** for service. Pursuant to Federal Rule of Civil Procedure 4(c)(2), the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the United States Marshal for service upon Officer Reid, so that he may respond to the excessive force claim. The Marshal will first mail a copy of the pleadings to the defendant by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs in serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service

unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2).

The Court **RECOMMENDS** that defendants Sheriff John Wilcher and the Chatham County Sheriff's Office along with plaintiff's claims for sexual harassment and failure to protect be **DISMISSED without prejudice**.[3] Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects a current balance of $137.00, with $34.25 in average monthly deposits and a $19.56 average reserved monthly balance over the four-month period prior to the date of his Prison Account Statement. Doc. 5 & 6. He, therefore, owes a $27.40 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $27.40 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each

---

[3] Plaintiff has an opportunity to object to this Report and Recommendation within 14 days of service, which affords the opportunity to resuscitate those claims recommended for dismissal. He may also submit an Amended Complaint during that period, if he believes it would cure the defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Federal Rule of Civil Procedure 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA