UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KAVON HEYWARD-JONES, | ) |
| Plaintiff, | ) |
| v. | ) CV419-092 |
| OFFICER REID, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this case on April 29, 2019. Doc. 1. Plaintiff requested, doc. 2, and received, doc. 3, leave to proceed *in forma pauperis*. The Court screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Doc. 8. The Court determined that plaintiff had failed to state a claim against the Chatham County Sheriff's Office and Sheriff John Wilcher, recommended that any claims for sexual harassment be dismissed, but authorized service against Officer Reid for excessive force. Doc. 8. That recommendation was adopted by the District Judge, doc. 13, and defendant Reid was served, doc. 11 & doc. 12. Defendant Reid answered, doc. 15, and discovery commenced. In April of 2020, defendant Reid filed a motion for summary judgment, doc. 22, which has been referred to the undersigned. Defendant has not responded to the motion. However, defendant Reid did not file a statement of material facts.

As the Supreme Court has explained, "[a] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To that end, Rule 56 requires that assertions that facts are undisputed must "cit[e] to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). This Court's Local Rules further emphasize the requirement of specific and detailed support by requiring "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof." S.D. Ga. L. Civ. R. 56.1. Moreover, the Local Rules require that "[e]ach statement of material fact . . . be supported by a citation to the record." *Id.*

The requirements regarding the support for summary judgment motions are not mere procedural niceties. *See, e.g., Ajibade v. Wilcher*, 2019 WL 1412113, at * 1–3 (S.D. Ga. Mar. 28, 2019). Many courts have noted that facts in the required statement, if not properly supported, need not be considered. *See, e.g., Barmore v. Aidala*, 419 F. Supp. 2d 193, 197 n. 2 (N.D.N.Y. 2005) ("If a certain fact is not contained in a properly supported paragraph in the movant's [Statement of Material Facts], the Court need not consider that fact

for purposes of the summary judgment motion."); *Gold Krown Fund, LLC v. Shapiro*, 2017 WL 10966649, at *2–3 (S.D. Fla. Dec. 15, 2017) ("[W]hen a party fails to direct the Court to the record evidence in support of its asserted facts . . . contained in each sentence, the Court will not consider those assertions in deciding the motion." (emphasis in original) (quotations and citation omitted)); *cf. Johnson v. City of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1373 (11th Cir. 1997) (noting that the Court of Appeals was "not obligated to cull the record [itself] in search of facts not included in the statements of fact.").

In this case, defendant Reid did not submit a statement of material facts, let alone submit one that was properly supported by citation to the record.[1] Instead, defendant submitted only affidavits and a deposition transcript. *See* docs. 22-2, 22-3, and 22-4. Given the importance of statements of material fact in supporting motions for summary judgment, not including one is a substantial violation. However, while the requirements on factual support are not trivial, their transgression need not be fatal.[2] Several courts, including

---

[1] The Court notes that there is a "Statement of Facts," contained within defendant's brief. Doc. 22-1. However, this appears to be the standard factual background statement which traditionally prefaces briefs of this kind rather than a separate statement of material facts.

[2] The Court would note that the same attorneys who have appeared in this case committed the same violation in a separate action. *See Lang v. Brown*, CV419-003, doc. 64 (S.D. Ga. Sept. 22, 2020). Having now been warned *twice* the Court anticipates no further violations.

3

this one, have treated a failure to provide a properly supported statement of material facts as an amendable defect. *See, e.g., Smith Property Holdings, 4411 Connecticut L.L.C. v. United States*, 311 F. Supp. 2d 69, 78 (D.D.C. 2004) (denying summary judgment motion "without prejudice" for failure to submit statement of material facts); *Ajibade*, 2019 WL 1412113, at * 2 (declining to reach defective summary judgment motion, but permitting supplementation); *see also Rollins v. Aaron's, Inc.*, 2017 WL 2843716, at * 8 (M.D. Ga. Mar. 16, 2017) (noting that the court had provided party "with an opportunity to properly support his assertions by granting . . . leave to amend his Statement of Material Facts"). The Federal Rules also support extension of a certain amount of latitude. *See* Fed. R. Civ. P. 56(e) (when a fact is not properly supported, the court may, among other remedies, "give an opportunity to properly support or address the fact," or "issue any other appropriate order."). The Court will adopt that approach here. Defendant Reid, is **DIRECTED** to file an amended motion for summary judgment within 30 days from the date of this Order. The pending motion for summary judgment is **ADMINISTRATIVELY TERMINATED** for failing to comply with Rule 56.

Meanwhile, plaintiff also failed to respond to defendant's motion for summary judgment. Generally, "failure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5. Although lack of opposition, standing alone, would not justify granting even a

properly supported summary judgment motion, *see e.g., United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004), it suggests plaintiff's commitment to prosecuting this case may have waned.  Plaintiff is, therefore, **DIRECTED** to **SHOW CAUSE** within 30 days from the date of this Order why he did not respond to the motion for summary judgment.  Failure to respond to this will result in a recommendation of dismissal for failure to follow a Court Order or failure to prosecute.  *See L.R. 41(b)*; *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

    **SO ORDERED,** this  7th day of December, 2020.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA